UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAHAR AL GHRAIRI,

           Plaintiff,

   v.                                    22-CV-651-LJV
                                                ORDER

FEDERAL-MOGUL MOTORPARTS LLC,
et al.

           Defendants.
_____

On July 15, 2022, the plaintiff, Sahar Al Ghrairi, commenced this action in New York State Supreme Court, Erie County, against four defendants: Federal-Mogul Motorparts LLC; Federal-Mogul Products, Inc.; Pep Boys-Manny, Moe & Jack of Delaware LLC;[1] and The Pep Boys-Manny, Moe and Jack Inc.  Docket Item 1.  On August 29, 2022, Pep Boys-Manny, Moe & Jack of Delaware LLC and The Pep Boys-Manny, Moe and Jack Inc. (collectively, the "Pep Boys defendants") removed the case to this Court, asserting that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).  Docket Item 1 at ¶10.[2]

---

[1] The notice of removal states that Al Ghrairi mistakenly named Icahn Automotive Group LLC d/b/a the Pep Boys-Manny, Moe and Jack Inc. instead of Pep Boys–Manny, Moe & Jack of Delaware LLC as a defendant in this action.  Docket Item 1 at 1.  Al Ghrairi does not appear to dispute this.  See Docket Item 14-1 at 2 (identifying defendant as "Pep Boys[]–[]Manny, Moe & Jack of Delaware, LLC[], incorrectly sued as Icahn Automotive Group LLC d/b/a the Pep Boys–Manny, Moe and Jack Inc.").  The Clerk of the Court shall correct the electronic docket to reflect that defendant's correct name.

[2] Paragraph numbers in all citations to the notice of removal, Docket Item 1, refer to the corresponding paragraph numbers in the notice of removal, and not to the

Al Ghrairi did not move to remand the case, and the time to do so now has expired.[3]  See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").  Nevertheless, this Court has an "independent obligation" to confirm that it has subject matter jurisdiction.  See *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Herrera v. Terner*, 2016 WL 4536871, at *1 (E.D.N.Y. Aug. 30, 2016) ("[S]ua sponte remand is proper at any time if the district court finds that it does not possess subject matter jurisdiction." (italics

---

paragraph numbers in Al Ghrairi's complaint attached as Exhibit B to the notice of removal.

[3] The Court also notes that Federal-Mogul Motorparts LLC and Federal-Mogul Products, Inc. (collectively, the "Federal-Mogul defendants"), did not provide their independent consent to removal.  Generally speaking, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021).  "[I]t is 'insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf.'"  *Cole v. City of New York*, 2020 WL 3618422, at *3 (S.D.N.Y. July 2, 2020) (quoting *Burr ex el. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006)).  Based on the record before it, the Court is unable to determine whether or not the Federal-Mogul defendants were properly served, and thus whether they needed to provide their independent consent.  See Docket Item 1 at ¶ 8 (noting that the Federal-Mogul defendants "w[ere] not aware of this lawsuit" until learning of its existence from the Pep Boys defendants).  But because the independent consent requirement is procedural, not jurisdictional, it can serve as grounds for remand only if it is raised by a party moving to remand a case back to state court.  *See Taylor*, 15 F.4th at 151 n.2.  Al Ghrairi did not move to remand the case, so the Court need not delve any further into this issue.

omitted)).  Thus, this Court must determine whether it has jurisdiction based on diversity of citizenship.

Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates."  28 U.S.C. § 1332(a).  The second of those two requirements appears to be met here: In their notice of removal, the Pep Boys defendants assert that Al Ghrairi is a citizen of New York, while the Pep Boys defendants are citizens of Delaware, where they are incorporated, and Pennsylvania, where each has its principal place of business.  See Docket Item 1 at ¶ 3; see also 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business").  The notice of removal in turn indicates that Federal-Mogul Products, Inc., is incorporated in Missouri and has its principal place of business in Michigan, while Federal-Mogul Motorparts, LLC, is incorporated in Delaware and has its principal place of business in Michigan.[4]  Docket Item 1 at ¶¶ 6-7.

What is less clear is whether the first requirement—amount in controversy—is met here.  See 28 U.S.C. § 1332(a).  The Pep Boys defendants say that this requirement is satisfied because they have "a good faith belief that the amount sought exceeds the $75,000.00 threshold" based on their review of medical records provided by Al Ghrairi's counsel.  Docket Item 1 at ¶ 11.  But "a mere conclusory statement that

---

[4] The notice of removal states that Federal-Mogul Motorparts, LLC, has only one member— "a corporation organized under the laws of the state of Delaware with its principal place of business in Illinois."  Docket Item 1 at ¶ 7.

3

the amount in controversy exceeds $75,000 is insufficient for [a court] to determine . . . that the jurisdictional threshold of [section] 1332(a) has been met." *Barrett v. TP Trucking Co.*, 2020 WL 1862362, at *2 (S.D.N.Y. Apr. 14, 2020) (collecting cases).

Al Ghrairi seeks damages for the "permanent and serious injuries" she says were caused by the defendants, *see* Docket Item 1 at 16, and such damages may well amount to more than $75,000. But her complaint does not specify the dollar amount of damages she seeks, Docket Item 1 at ¶ 11, and in the absence of anything specifying the amount sought, the Court "is left to guess at the amount in controversy." *See Casco v. Delta Air Lines, Inc.*, 2023 WL 2954987, at *3 (E.D.N.Y. Apr. 14, 2023); *see also Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (noting that "[c]ourts in this district have rejected... generalized, boilerplate allegations as a basis for asserting the amount in controversy" and holding that fact that complaint sought damages for "serious personal injuries and ultimately the loss of a life" was "insufficient," standing alone, to show that amount in controversy requirement was met (citations and internal quotation marks omitted)).

## CONCLUSION

Because, based on the record before it, this Court is unable to determine whether the amount in controversy requirement is met here—and thus whether it has subject matter jurisdiction—the defendants shall show cause, on or before **February 17, 2025,** why this case should not be remanded to the New York State Supreme Court, Erie County, for lack of subject matter jurisdiction.

SO ORDERED.

Dated: January 24, 2025
       Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE